McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Hagop T. Bedoyan, #131285
 *hagop.bedoyan@mccormickbarstow.com*
Matthew P. Bunting, #306034
 *matthew.bunting@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for Creditors, DOUBLE EAGLE INVESTMENTS, INC and JEFF CAMPBELL

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>SANTA MARIA BREWING CO. INC.<br><br>Debtor-in-Possession | Case No. 9:20-bk-11486-DS<br><br>Chapter 11<br><br>Hearing<br><br>Date:  April, 27, 2021<br>Time:  11:30 a.m.<br>Place:  Origination from Ct Rm. 201<br><br>HEARING TO BE HELD REMOTELY USING ZOOM.GOV AUDIO AND VIDEO<br>Meeting URL:<br>https://cacb.zoom.com/j/1600650843<br>zoomgov meeting number: 160 065 9843<br>PW: 003766<br>Telephone Conf. lines: 1-669-254-5252 or 1-646-828-7666<br><br>Judge: Honorable Deborah J. Saltzman |

**DOUBLE EAGLE INVESTMENTS, INC. AND JEFF CAMPBELL'S LIMITED OPPOSITION TO DEBTOR'S MOTION TO EXTEND DEBTOR'S EXCLUSIVE PERIOD TO FILE AND OBTAIN ACCEPTANCES OF DEBTOR'S PLAN UNDER 11 U.S.C § <u>1121(D)</u>**

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL OTHER INTERESTED PARTIES:**

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1    Case No. 9:20-bk-11486-DS

Double Eagle Investments, Inc., the Debtor's landlord for its brewery restaurant in Atascadero restaurant ("Double Eagle") and Jeff Campbell, the Debtor's largest unsecured creditor with a claim in the amount of $2,873,420.71 [Claim 35] as well as the Debtor's largest shareholder next to Byron and Karen Moles ("Campbell" and together with "Double Eagle" the "Opposing Parties") submit the following limited opposition to *Debtor's Motion to Extend Debtor's Exclusive Period to File and Obtain Acceptances of Debtor's Plan under 11 U.S.C. § 1121(D)* filed on April 6, 2021 (the "Motion"):

## I. INTRODUCTION

1. Debtor filed its Voluntary Petition under chapter 11 of the Bankruptcy Code on December 15, 2020. There is currently no trustee appointed in the case and the Debtor remains in possession of its estate. An Official Committee of Unsecured Creditors was appointed in the Debtor's case on February 19, 2021 [Doc 44] and Amended on February 26, 2021 [Doc 46].

2. Opposing Parties do not oppose a two month extension of the respective deadlines referenced in the Motion, but granting Debtor's Motion would mean that Debtor, and only Debtor, would have almost a year from the commencement of its chapter 11 case to obtain acceptances of any plan that it would have the exclusive right to file. Opposing Parties submit that under the facts of the Debtor's case, such an extension of time is unwarranted and unreasonable.

3. On the other hand, a more modest two month extension would extend the current exclusivity period to file a plan from the current April 14, 2021 to June 14, 2021 and the current exclusivity period to obtain acceptances of a plan from June 13, 2021 to August 13, 2021.

## II. ARGUMENT

4. Debtor's proposal for the extension will in effect give Debtor almost a full year since it sought bankruptcy court relief to have a plan accepted.

5. Debtor cites *In re Henry Mayo Newhall Memorial Hosp.*, 282 B.R. 444, 452 (9th Cir. BAP 2002) for establishing the criteria to determine whether cause exists to extend these deadlines. The factors are: (1) a first extension; (2) in a complicated case; (3) that has not been pending for a long time, relative to its size and complexity; (4) in which the debtor does not appear to be proceeding in bad faith; (5) has improved operating revenues so that it is paying current expenses;

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

2

Case No. 9:20-bk-11486-DS

(6) has shown a reasonable prospect for filing a viable plan; (7) is making satisfactory progress negotiating with key creditors; (8) does not appear to be seeking an extension of exclusivity to pressure creditors; and (9) is not depriving the committee of material or relevant information. *Ibid.*

6. Opposing Parties dispute the conclusions reached in Debtor's analysis of the second, third, seventh and eighth factors.

**B.    Second Factor: Complexity of Case**

7. Debtor makes the conclusory statement that "[t]he case is fairly complex, involving numerous disputed claims and interests, hybrid investment/ loans, tax claims, and levied withheld funds which will be subject to preference and turn over actions." Motion, pg. 7, lines 25-27. Debtor cites no authorities as to why these make a case "fairly complex" nor includes any evidence in support of its contention. The hospital in the *In re Henry Mayo Newhall Memorial Hospital* case was a Level II Trauma Center, which owned and operated a 217-bed hospital, was engaging in negotiations with a radiology group that was essential to running its acute care facility, renegotiating several contracts with health care plans, and negotiating with governmental creditors. *Id.* at 446-447. Debtor by contrast operates a distillery and brewery, along with two restaurants. Debtor is not employing thousands of people and managing hundreds of stores like *In re Friedman's, Inc.* 336 B.R. 884 (Bkrtcy. S.D. Ga 2005). Owing taxes, having disputed claims, and filing preference and turn over actions, are not complex and are fairly common in bankruptcy cases. A review of the docket in Debtor's case reveals that Debtor has not initiated any contested matter, much less any adversary proceedings, to start resolving the "complexity" of its case, other than filing status reports and employment applications. One would think that four months into its chapter 11 case, Debtor would have taken some steps to resolve its alleged disputes with its creditors.

8. Juxtaposed against the backdrop of relative inactivity in Debtor's case is an apparent inability to comply with the bare-minimum requirements set forth in Rule 1007 (a)(3) of the Federal Rules of Bankruptcy Procedure ("FRBP"). Namely, Debtor has not filed a complete list of its Equity Security Holders of each class *showing the number and kind of interest registered in the name of each holder, . .*" (emph. added). Overall, this is not a complex case or even a "fairly" complex case.

///

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3    Case No. 9:20-bk-11486-DS

### C. Third Factor: Length of Time Pending v. Size and Complexity

9. Debtor's case has now been pending since December 12, 2020, which is approximately four months. It has nearly exhausted its exclusivity period and still has not solved fundamental issues like the identity of its equity interests and the percentage of their respective interests. Debtor has not laid out a plan how it plans to address this issue and has not taken steps toward resolving it. Debtor's business is not complex. Its operations consist of a distillery and brewery, along with two restaurants. A significant period of time has elapsed based on the routine nature of this case.

### D. Seventh Factor: Progress with Creditors

10. The hospital in the *In re Henry Mayo Newhall Memorial Hospital* case showed that it was making progress in key negotiations and improving its financial position by reversing a loss of $1 million a month to, instead, a gain of $1 million a month. *Id.* at 446-447. Debtor states it will be "engaging in extensive claims analysis and begin negotiations." Debtor's principal, Byron Moles states that "Debtor anticipates meaningful negotiations with its creditors around the amounts of their claims and payment terms, and preparation of objections, as necessary." Moles Dec., pg. 10, lines 22-24. A review of the Claims Register in Debtor's case reveals that the IRS filed its claim for unpaid payroll taxes in the amount of $2,244,660.19 on February 10, 2021 [Claim 14] and the EDD filed its claim also for unpaid payroll taxes in the amount of $195,554.84 on February 11, 2021 [Claim 15]. It is very unlikely that either taxing agency is going to voluntarily reduce its claims through "meaningful negotiations." If the two claims are improper, Debtor should have filed objections by now since proposing treatment of the two tax claims, in compliance with 11 U.S.C. § 1129, which will be one of many challenges facing Debtor at the time of plan confirmation.

11. Campbell is not only Debtor's largest shareholder next to the Moles, but also its largest general unsecured creditor. Despite sporadic efforts to discuss settlement since late January of this year, Debtor's counsel and the undersigned have been unable to make any progress towards a global settlement that could otherwise avoid a costly plan confirmation fight.

12. Opposing parties are not aware of any efforts Debtor has made to negotiate with its other creditors, much less having made "satisfactory progress in negotiating with its key creditors.

### E. Eighth Factor: Extension of Exclusivity to Pressure Creditors

13. While Opposing Parties have not considered proposing a competing plan of reorganization or liquidation at this time, granting the Motion would prevent Opposing Parties or any creditor from filing a competing plan.

14. One can only conclude that Debtor is attempting to extend the exclusivity period to delay paying the Opposing Parties and also to forestall the possibility of Opposing Parties filing their own plan. While Opposing Parties are committed to negotiating with the Debtor to find an acceptable outcome for all creditors and Debtor, there must be some small amount of pressure applied to force Debtor to negotiate in good faith. Bankruptcy courts have held that the extension of the exclusivity period, when the Chapter 11 debtor alone can propose plan, should not be employed as a tactical measure to put pressure on parties in interest to yield to a plan that they consider unsatisfactory. *In re Hoffinger Industries, Inc.*, 292 B.R. 639 (8th Cir. BAP 2003). Debtor's request for such a long period of time should not be granted because it will hold the Opposing Parties at bay and hurt their position negotiating with Debtor.

### III. CONCLUSION

Based on the foregoing analysis of the factors, the Opposing Parties do not believe that Debtor is entitled to a 180 day extension of the relevant deadlines under the facts and circumstances of this case. A 60 day extension of the relevant deadlines would better serve the estate, give Debtor the extra time it claims it requires to make progress in the case while also keeping Debtor motivated to make significant progress in the case. The Motion should be denied.

Dated: April 12, 2021

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: /s/ Hagop T. Bedoyan
Hagop T. Bedoyan
Matthew P. Bunting
Attorneys for Double Eagle Investments, Inc. and Jeff Campbell

039629-000000 7556686.1

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**7647 N. FRESNO STREET, FRESNO, CA 93720**

A true and correct copy of the foregoing document entitled (*specify*): **DOUBLE EAGLE INVESTMENTS, INC. AND JEFF CAMPBELL'S LIMITED OPPOSITION TO DEBTOR'S MOTION TO EXTEND DEBTOR'S EXCLUSIVE PERIOD TO FILE AND OBTAIN ACCEPTANCES OF DEBTOR'S PLAN UNDER 11 U.S.C. § 1121(D)**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **04/12/21**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Hagop T Bedoyan hagop.bedoyan@mccormickbarstow.com, terry.douty@mccormickbarstow.com
Leslie A Cohen leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com
Jamie P Dreher jdreher@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
Lori L Enrico lori@giannettaenrico.com, melanie@giannettaenrico.com
Brian D Fittipaldi brian.fittipaldi@usdoj.gov
Alan Craig Hochheiser ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
Sandra McBeth donna@mcbethlegal.com
Kenneth Misken Kenneth.M.Misken@usdoj.gov
United States Trustee (ND) ustpregion16.nd.ecf@usdoj.gov
Larry D Webb Webblaw@gmail.com, larry@webblaw.onmicrosoft.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **4/12/21**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/12/21 | TERRY DOUTY | /s/ Terry Douty |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT - ATTACHMENT
## 9:20-bk-11486-DS

### SERVED BY UNITED STATES MAIL

United States Trustee
915 Wilshire Blvd, Ste. 1850
Los Angeles, CA 90017-3560

Santa Maria Brewing
7935 San Luis Ave.
Atascadero, CA 93422

### COMMITTEE OF UNSECURED CREDITORS

Joseph Bertao
2324 Nightshade Lane
Santa Maria, CA 93455

Steven Eric Mussack
4988 Chancellor Lane
Eugene, OR 97402

Steve Knoph
7120 Valle Avenue
Atascadero, CA 93422

Daniel F. Sheely
13128 Hartsook Street
Sherman Oaks, CA 91423

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                               F 9013-3.1.PROOF.SERVICE